**1**

L. D. HOLLINGSWORTH v. STATE. (No. 10868.) Court of Criminal Appeals of Texas. April 20, 1927. Appeal from District Court, Brazoria County; M. S. Munson, Judge. Rucks & Enlow, of Angleton, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction of aggravated assault; punishment, a fine of $250 and 30 days in the county jail. Appellant was indicted for assault to murder, and upon trial found guilty of aggravated assault. The record contains neither statement of facts nor bills of exception. The charge of the court seems to be in conformity with the law. Finding no error in the record, the judgment will be affirmed.

---

**2**

Ed RACHELS v. STATE. (No. 10860.) Court of Criminal Appeals of Texas. April 27, 1927. Appeal from El Paso County Court at Law; J. M. Deaver, Judge. Knollenberg & Cameron, of El Paso, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. Misdemeanor theft is the offense; punishment fixed at a fine of $25. Appellant was charged with the theft of window frames and sash, of the value of $5.75, and certain flooring lumber and 2x4 pieces of lumber, of the value of $22.50. There is no statement of facts in the record, and it appears by a single bill of exceptions that in support of his motion for new trial appellant offered the testimony of a juror to the effect that some of the jurors claimed that the evidence showed that the appellant's hog pen had a floor on it; that the juror was familiar with flooring, and told his fellow jurors that the evidence was to the effect that the flooring was around the hog pen as a fence, and convinced the jurors that the testimony was to that effect. The juror also testified that the prosecuting witness identified some of the lumber by the paper on it; that, if it had had paper on it, it would have been worn off by its use as a floor in the hog pen. The court declined to receive this testimony, and we are not able to determine its materiality. It seems to have been merely a debate touching the evidence, rather than new evidence. It was more in the nature of an argument among the jurors touching the construction to be placed upon the testimony. Todd v. State, 93 Tex. Cr. R. 555, 248 S. W. 695; Jack v. State, 20 Tex. App. 660. At all events, in the absence of a statement of facts, we are not able to determine whether there was error, or that the matter was material, but must assume that the trial court reached a correct conclusion. The judgment is affirmed.

---

**3**

Jeff SELLERS v. STATE. (No. 10905.) Court of Criminal Appeals of Texas. April 27, 1927. Appeal from District Court, Bowie County; Hugh Carney, Judge. Sid Crumpton, of Texarkana, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary. The transcript contains neither statement of facts nor bills of exception, and there appears an affidavit made by the appellant suggesting his agreement to an affirmance. No error appearing, the judgment will be affirmed.

---

**4**

Ex parte John SHIPLEY. (No. 10437.) Court of Criminal Appeals of Texas. April 27, 1927. Appeal from District Court, Rains County; J. M. Melson, Judge. H. D. Garrett, of Emory, and Jones & Jones, of Mineola, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The relator was charged by complaint with the murder of Lee Robertson. The evidence shows that Robertson was shot and killed by the relator. This is not controverted. Our examination of the record leads us to conclude that the trial judge was justified by the evidence in refusing to grant bail. The judgment is affirmed.

---

**5**

Hugh SPENCER v. STATE. (No. 10894.) Court of Criminal Appeals of Texas. May 11, 1927. Appeal from District Court, Val Verde County; Joseph Jones, Judge. Phil B. Foster, of Del Rio, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Conviction of felony theft; punishment, two years in the penitentiary. There are no bills of exception in the record. Appellant entered a plea of guilty. The property stolen was an automobile. Appellant's written confession is in evidence and makes out the case. Other evidence appears substantiating the statements in the confession. Appellant took the witness stand and admitted his guilt. He asked for a suspended sentence, but the jury saw fit not to grant his request. The charge of the court seems to properly present the law of the case. Appellant filed a motion for new trial setting up newly discovered evidence. No affidavit of any newly discovered witness was appended to the motion, nor was any evidence brought before the court upon the hearing supporting the claim of appellant as made in said motion. Finding no error in the record, the judgment will be affirmed.

MORROW, P. J., not sitting.

---

**6**